UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80493-Civ-SCOLA

LESLIE ROSENWASSER,

       Plaintiff,

vs.

ALL SCRIPTS HEALTHCARE, LLC,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on the Defendant's Motion For Reconsideration Of Order Denying Summary Judgment (ECF No. 139). Federal Rule of Civil Procedure 60(b) provides:

> [A] court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Additionally, Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through – rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). The Defendant does not indicate whether it is moving for reconsideration under Rule 59 or 60. Regardless, because the Motion does not present new facts or new law but merely urges the Court to rethink its previous decision, the Motion will be denied.

The Defendant's first argument is that the Court improperly relied upon Rossenwasser's declaration to determine that genuine issues existed. The Defendant contends that Rossenwasser's declaration is not based on personal knowledge and is "objectively false." (Mot. Reconsid. 2-12, ECF No. 141.) Rossenwasser's declaration indicates that she worked for the Defendant for approximately four years, that during that time she was able to personal observe of a variety of situations at work, and that she regularly received communications from the Defendant regarding "what other sales representatives were doing." (Rossenwasser Decl. ¶¶ 3, 6-8, ECF No. 99-1.) Based on Rossenwasser's assertions, it appears to the Court that her declaration is based on both personal knowledge and non-hearsay statements. *See* Fed. R. Evid. 801(d)(2). If, during trial, the Defendant is able to establish that Rossenwasser's assertions are patently false and that the declaration was carefully drafted to mislead the Court, the Court is confident that Federal Rule of Civil Procedure 11 is adequate to address this scenario.

The Defendant next argues that Rossenwasser's declaration should be disregarded because it is "objectively false," and that the Court should ignore Rossenwasser's "subjective belief" about her Performance Improvement Plan. (Mot. Reconsid. 16, ECF No. 141.) In support of this proposition, the Defendant cites to statements from its own employees that contradict Rossenwasser's assertions. This situation, where there is a disagreement between the parties as to what actually happened, is known a "genuine issue." Since the Court must view all of the evidence in the light most favorable to the nonmoving party, resolving all disputes and drawing all inferences in the nonmovant's favor, and because credibility determinations are inappropriate at the summary judgment stage, the Defendant's position is untenable. *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1264, 1266-67 (11th Cir. 2006).

The Defendant's arguments, distilled to their essence, urge the Court to set aside Rossenwasser's statements, and reject her arguments about what inferences should be drawn from the evidence. That is not how summary judgment motions work. An argument to disregard Rossenwasser's statements and proffered inferences is really an admission that there are real disputes over materials issues of fact. Accordingly, the Court will not reconsider its rulings on

the summary judgment motion based on Defendant's argument to discount Rosenwasser's declaration.

Next, the Defendant argues that the Court erred in considering the summary complied by the Plaintiff's counsel. As the Court explained in the Order Denying Summary Judgment, the Court considered the summary only to the extent that it represented the underlying substantive evidence that existed separate and independent from the document summarizing it. Although the summary would likely not be admissible at trial because it was prepared by Rosenwasser's attorney, the evidence that the summary complied may be admissible, and a similar summary prepared by someone other than Rosenwasser's attorney may be admissible. If it turns out, at trial, that Rossenwasser's summary is patently inaccurate, carefully crafted to deceive the Court into concluding that there was evidence sufficient to create a genuine issue, again the Court is confident that Rule 11 would serve as an adequate remedy to the Defendant. Accordingly, the Court will not reconsider its summary judgment order on these grounds.

Finally, the Court found that Rossenwasser had adequately rebutted the Defendant's affirmative defenses. There is a genuine dispute over whether the Defendant's apparent pay differential is due to discriminatory practices or whether it is justified by one of the exceptions set forth in the Equal Pay Act. Specifically, Rosenwasser called into question the Defendant's proffered justifications for the higher salaries paid to male employees. (*See* Pl.'s Resp. 13-14, ECF No. 102; *see also* Pl.'s Stmt. Facts ¶¶ 33-36, ECF No. 101.)

For these reasons, it is **ORDERED** that the Defendant's Motion for Reconsideration (ECF No. 141) is **DENIED**. Relatedly, the Defendant's Motion for Hearing (ECF No. 142) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on August 29, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*